IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TABITHA BLAIR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:04-CV-2054-P |
| CHILDREN'S MEDICAL CENTER, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court are Plaintiff Tabitha Blair's ("Plaintiff") Motion for Leave to Join Additional Party to Complaint and Motion for Leave to File Amended Complaint (together "Plaintiff's Motions"), filed February 28, 2005. Defendant Children's Medical Center ("Defendant") filed a Response on March 21, 2005, and Plaintiff filed a Reply on April 5, 2005. After considering the parties' arguments and briefings, and the applicable law, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motions.

**I.  Background and Procedural History**

Plaintiff was an employee of Defendant until August 1, 2003, at which time she was terminated. On September 18, 2003, Plaintiff filed a complaint with the Texas Commission on Human Rights alleging that she was discriminated against during her employment with Defendant. See Charge of Discrimination attached as an exhibit to Plaintiff's response to Question 6 of the District Court's Questionnaire. Subsequently, on September 22, 2004, Plaintiff filed this suit *pro se*. The Complaint reads "Discrimination, Retaliation, Harass, in fear of my job, Threaten my job, Terminated me, This is what my supervisor Teresa Langston put me

through". (Orig. Compl.) Thereafter, prior to the signing of the Pre-Trial order, Plaintiff hired counsel.[1] (Reply at ¶ 2). Accordingly, on February 28, 2005, Plaintiff's Motions were filed.

Plaintiff now moves the court to grant leave to amend the original complaint with additional claims and allow the addition of Teresa Langston ("Langston") to the complaint as a defendant. Specifically, Plaintiff seeks to bring claims for race, color, and national origin discrimination, and retaliation under Title VII, 42 U.S.C. § 1981, and Chapter 21 of the Texas Labor Code. (Am. Compl. at ¶¶ 5-6.) In addition, Plaintiff seeks to bring state law claims for intentional infliction of emotional distress, negligence, and slander. Finally, Plaintiff seeks to add Teresa Langston as a defendant to all claims sought.

Defendant opposes Plaintiff's Motions for the following reasons: 1) there was unexplained delay between Plaintiff's original complaint and Plaintiff's Motions; 2) Plaintiff's causes of action under the Texas Labor Code are time-barred; 3) Plaintiff failed to exhaust her administrative remedies with regards to her national origin discrimination claim; 4) Plaintiff's slander cause of action does not relate back to Plaintiff's original complaint; and 5) the addition of Langston is not necessary for just adjudication. The Court will address each of Plaintiff's claims and Defendant's arguments in turn.

## II.  Legal Standard - Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a pleading "shall be granted when justice so requires." *Forman v. Davis*, 371 U.S. 178, 182 (1962). The decision to grant leave to amend lies within the discretion of the trial court. However, there is a

---

[1] *See* Pl.'s Appearance of Counsel dated February 10, 2005 identifying Alisha Darden as attorney for Plaintiff.

bias in favor of granting leave to amend and courts should permit the filing of a proposed amendment unless there is a substantial reason for denying leave to amend. *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 598 (5th Cir. 1981).

In determining whether to grant leave to amend, the court may consider several factors, including delay or prejudice to the non-movant, bad faith or dilatory motives on the part of the movant, repeated failure to cure deficiencies, and futility of amendment. *Foman,* 371 U.S. at 182. The Fifth Circuit has defined "futility" to mean that "the amended complaint would fail to state a claim upon which relief could be granted" and has further held that the legal standard developed under Rule 12(b)(6) guides this analysis. *Stripling v. Jordon Production Co., LLC,* 234 F.3d 863, 873 (5th Cir. 2000). Subsequently, in deciding whether claims in an amended complaint are futile, the court may not deny the motion for leave to amend "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotations and citations omitted).

The court must make its decision taking the complaint in the light most favorable to the plaintiff and taking its allegations as true. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996). The Court limits its inquiry to whether the plaintiff is entitled to offer evidence to support claims and does not address whether the plaintiff will ultimately prevail on the merits. *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). Dismissal is proper when "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier,* 801 F.2d 789, 791-92 (5th Cir. 1986).

### III. Discussion

#### A) Unexplained Delay In Asserting New Causes of Action

Before addressing the substance of the Amendments, the Court must first address whether there has been "(1) an unexplained delay following [the] original complaint, and (2) whether the facts underlying the amended complaint were known to the party when the original complaint was filed." *In re Southmark Corp.*, 88 F.3d 311, 315 (5th Cir. 1996). However, since a *pro se* plaintiff does not have the same knowledge and skill as a trained attorney, the Court will "accord a *pro se* plaintiff some measure of latitude in her complaint and in the errors she might make." *Newsome v. EEOC*, 301 F.3d 227, 233 (5th Cir. 2002).

Defendant contends that Plaintiff's new cause of actions were asserted after unexplained delay. Specifically, Defendant alleges that Plaintiff was aware of the facts and circumstances giving rise to her proposed amendments when she filed suit initially. (Resp. at Section C ¶ 2.) Notwithstanding that Plaintiff was aware of all the facts and circumstances giving rise to her complaint, the Court finds it would be premature to dismiss Plaintiff's complaint without affording the requested opportunity to amend the complaint in view of Plaintiff's former *pro se* status.

The Fifth Circuit has looked at the time period between the filing of a motion for leave to amend and the date the original complaint was filed in determining unreasonable delay. *See In re Southmark Corp.*, 88 F.3d at 315. The Court in *In re Southmark* viewed the fact that plaintiff filed the motion for leave to amend thirteen months after the original complaint without reasonable explanation as unacceptable, and concluded that the purpose of Rule 15 would not be furthered by allowing the amendment. *Id.* The facts in the instant case are distinguishable from

3:04-CV-2054-P
Order GRANTING IN PART and DENYING IN PART Plaintiff's Motions
Page 4

those in *In re Southmark*. Plaintiff's Motion for Leave to Amend was filed just under five months after the original complaint was filed. More importantly, Plaintiff was *pro se* until approximately February 10, 2005. After Plaintiff obtained counsel, she filed her Motions eighteen days later. Finally, Defendant does not demonstrate that it will suffer any prejudice if the amendment is allowed. Therefore, the Court finds no unexplained delay.

### B) Discrimination Claims -National Origin Discrimination

Plaintiff asserts that her cause of action arises under Title 42 U.S.C. § 2000 *et. seq.*, 42 U.S.C. § 1981, and Chapter 21 of Texas Labor Code § 21.001 *et. seq.* to "correct unlawful employment practices on the basis of race, color, and national origin."[2] (Am. Compl. at ¶ 5.) As Defendant does not contest the race and color discrimination claims, the Court does not address them. However, Defendant opposes the addition of national origin discrimination because Plaintiff failed to exhaust administrative remedies with respect to that claim. (Resp. at Section B ¶ 1.) Because Texas courts follow federal statutes and cases in applying the Texas Labor Code, the Court will first address whether the national origin discrimination claim is allowed as a matter of law with respect to Title VII and the Texas Labor Code and subsequently address whether it is allowed under 42 U.S.C. § 1981.

The Fifth Circuit has held that a "complainant must have exhausted her administrative remedies" to file a Title VII action in federal court. *Tolbert v. United States*, 916 F.2d 245, 247

---

[2] "Chapter 21 of the Texas Labor Code prohibits an employer from refusing to hire an individual, discharging an individual, or discriminating in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment on the basis of race, color, disability, religion, sex, national origin, or age. Tex. Lab. Code Ann. § 21.051 (1996). The Texas Commission on Human Rights Act (TCHRA) is modeled on the federal Civil Rights Act of 1991 (Title VII), 42 U.S.C. § 2000e *et seq*; therefore, Texas courts follow federal statutes and cases in applying the TCHRA." *Winters v. Chubb & Son, Inc.*, 132 S.W.3d 568, 574 (Tex. App - Houston 2004, no pet.).

(5th Cir. 1990). "Title VII clearly contemplates that no issue will be the subject of a civil action until the [TCHR] has first had an opportunity to attempt to obtain a voluntary compliance." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970); *see also, Auston v. Schumbnell*, 116 F.3d 251, 254 (7th Cir. 1997) (barring retaliation claim because Plaintiff "did not check the retaliation box on the charge form, nor did his account of the facts include any reference at all to retaliatory conduct"). Nevertheless, the Fifth Circuit has also stated that a Title VII cause of action may be based not only upon the specific complaints made by the employee's initial TCHR charge, but also upon any kind of discrimination like or related to the complaint's allegations, limited only by the scope of the TCHR investigation that could reasonably be expected to grow out of the initial charges of discrimination. *Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995); *see also Clark v. Kraft Foods, Inc.*, 18 F.3d 1278, 1289 (5th Cir. 1994); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970). This requirement serves the dual purposes of affording the TCHR and the employer an opportunity to settle the dispute through conciliation, and giving the employer some warning as to the conduct about which the employee is aggrieved. *Williams v. J.P. Morgan Chase & Co.*, 2004 U.S. Dist. LEXIS 14468 July 28, 2004.

To determine whether a plaintiff's claims fall within the scope of the TCHR charge, the *Sanchez* Court began with "the obvious proposition that the crucial element of the charge of discrimination is the factual statement contained therein. Everything else entered on the form is, in essence, a mere amplification of the factual allegations." *Sanchez*, 431 F.2d at 462. Specifically, the decision held that failure to check the appropriate box indicating the reason for the claim of discrimination on the EEOC charge form, and the failure to use the exact words in

harmony with earlier charges were technical niceties that would not prevent a plaintiff from bringing a civil action. *Sanchez*, 431 F.2d at 464. By way of contrast, in this case, Plaintiff's original claims did not reflect the essence of the national origin charge. Nothing in Plaintiff's Charges would indicate that she was being discriminated against on the basis of national origin. Although Plaintiff could have checked such a box, she checked only boxes indicating discrimination on the basis of her race and retaliation. She also failed to make any mention of national origin discrimination in the explanation sections of her Charges.[3] Accordingly, the national origin discrimination claim, insofar as it is alleged under Title VII or the Texas Labor Code, may not be a part of this lawsuit because it is not allowed as a matter of law. *Cf. Magana v. Tarrant/Dallas Printing, Inc.*, No. Civ.A. 3:97-CV-0865D, 1998 WL 548686, at *2 (N.D. Tex. Aug. 21, 1998) ("Although an individual may be subject to more than one type of discrimination, to hold that an allegation of national origin discrimination necessarily would prompt [an investigation of] all other types of discrimination . . . would allow every EEOC complain[an]t to hold a number of Title VII cards . . . up his sleeve . . . .") (internal citations and alteration omitted).

The Court now turns to Plaintiff's national origin discrimination claim under 42 U.S.C. § 1981. The Fifth Circuit has held that a plaintiff alleging racial discrimination in employment could claim relief under both Title VII (42 USCS §§ 2000e et seq.) and 42 USCS § 1981. *Hernandez v. Hill Country Tel. Cooperative, Inc.*, 849 F.2d 139, 143 (5th Cir. 1988). However, unlike a claim for discrimination under Title VII, for an individual claim for racial

---

[3] In the Charge of Discrimination, Plaintiff wrote, "I believe I have been discriminated against because of my race, Black in an act of retaliation . . ." Plaintiff does not provide for any other basis of discrimination besides race.

discrimination brought under 42 U.S.C.S. § 1981, plaintiff need not exhaust her administrative remedies. *See Walker v. Thompson,* 214 F.3d 615, 625 (5th Cir. 2000) (holding that the use of section 1981 as an avenue for redress of employment discrimination is not constrained by the administrative prerequisites applicable to Title VII claims). In addition, unlike Title VII, § 1981 only provides remedy for employment discrimination where the employment decision is racially motivated; it may not be used to redress national origin discrimination. *Bobo v. ITT, Continental Baking Co.,* 662 F.2d 340, 344 (5th Cir. 1981) (citing *Olivares v. Martin,* 555 F.2d 1192, 1196 (5th Cir. 1977)) (holding that 42 U.S.C. § 1981 only applies to race discrimination). Consequently, even though the exhaustion of administrative remedies is not required to bring a claim under 42 U.S.C. § 1981, the Plaintiff is barred as a matter of law from bringing claims under 42 U.S.C. § 1981 based on anything besides racial discrimination. As such, Plaintiff is barred as a matter of law from bringing a claim under 42 U.S.C. § 1981 based on national origin discrimination.[4] Therefore, the Court DENIES Plaintiff's Motion for Leave to File Amended Complaint with regards to the claim of national origin discrimination.

### C) Texas Labor Code Claims Not Time-Barred

Defendant argues that "Plaintiff's complaint was filed 192 days after August 1, 2003, the latest . . . date [Plaintiff] alleges the discrimination took place", and hence "Plaintiff's claims are time-barred". (Resp. at ¶ 4.) Plaintiff responds that the complaint is not time-barred because the "original complaint was filed forty-nine days after August 1, 2003." (Reply Brief at ¶ 7.) The Court agrees with Plaintiff.

---

[4] Clearly, Plaintiff's claim for race discrimination is available under 42 U.S.C. § 1981

Defendant asserts correctly that when determining whether a complaint for unlawful employment practices is time barred, the state, rather than federal law, controls whether the claims were timely filed. *See Pope v. MCI Telecomm. Corp.*, 937 F.2d 258, 264 (5th Cir. 1991, writ denied). In Texas, a discrimination complaint "must be filed no later than the 180th day after the date the alleged unlawful employment practice occurred". Tex. Lab. Code § 21.202(a) (Lexis 2004). The complaint must be filed with either the Equal Employment Opportunity Commission ("EEOC") or a comparable agency. *See id.*

In Plaintiff's Charge of Discrimination, attached as an exhibit to Plaintiff's response to Question 6 of the District Court's Questionnaire, the original complaint filing date stated is September 18, 2003. This date is forty-nine days after August 1, 2003, and the complaint was filed with the Texas Commission on Human Rights ("TCHR"). Therefore, the Court GRANTS Plaintiff's Motion for Leave to File Amended Complaint with regards to claims under Chapter 21 of the Texas Labor Code.

### D) Slander Claim

Defendant alleges that Plaintiff has "not established that the slander claim arose from the conduct set forth in the original pleading" on the grounds that Plaintiff did not make allegations of slander in her original Complaint, "nor in her responses to the District Court's Questionnaire." (Resp. at Section E ¶ 1.) Thus, Defendant comports, the slander claim "will not relate back to the date of Plaintiff's original pleading." (*Id.*)

Rule 15(c) of the Federal Rules of Civil Procedure concerns the relation back of pleading amendments. Fed. R. Civ. P. 15(c). An amendment will relate back to the date of the original pleading when the claim asserted in the amended pleading arose out of the same conduct,

transaction or occurrence on which the original complaint was based, and when the defendant is put on notice of the claim by the original complaint. *Williams v. United States*, 405 F.2d 234, 236-37 (5th Cir. 1968). The Court held that "notice is the critical element involved in Rule 15(c) decisions," *id.* at 236, and permitted the amendment because the defendant was on notice. The emphasis on notice is "based on the idea that a party who is notified of litigation concerning a given transaction or occurrence is entitled to no more protection from statutes of limitations than one who is informed of the precise legal description of the rights sought to be enforced." *Altamirano v. Vickers*, 2004 U.S. Dist. LEXIS 9171, at *8 (D. E.D. La., May 20, 2004).

In this case, the slander claim asserted in Plaintiff's Proposed First Amended Complaint arises out of the same transaction set forth in Plaintiff's Original Complaint - both are based on Defendant's and Langston's alleged discrimination, retaliation, and harassment of Plaintiff. *See* Pl.'s Complaint. It is clear that slander could have been part of the harassment that Plaintiff claims she was subject to in her Original Complaint. As such, the Court concludes that Defendant was put on notice of the slander claim by the original complaint. In addition, Defendant will not be prejudiced by the addition of the claim. Defendant will likely conduct discovery pertaining to allegations brought up in the original complaint. Because those allegations would encompass that of slander, it is likely that Defendant will not have to engage in any additional discovery if the slander claim is added to the complaint. Thus, the Court finds that the slander claim relates back to the original complaint and may be added pursuant to Rule 15(c). Therefore, the Court GRANTS Plaintiff's Motion for Amended Complaint with regard to the slander cause of action.

### E) Motion to Join Additional Party

Currently the only parties to this action are Tabitha Blair and Children's Medical Center. Plaintiff moves the Court to add Langston, who was Plaintiff's boss during her employment with Defendant, to all her claims against Defendant. The Court will first address Plaintiff's Motion to Join Additional Party with respect to claims for discrimination and retaliation under Title VII, 42 U.S.C. § 1981, and Chapter 21 of the Texas Labor Code. The Court subsequently will address Plaintiff's Motion to Join Additional Party with respect to Plaintiff's state law claims of intentional infliction of emotional distress, negligence, and slander.

#### 1) Plaintiff's Motion to Join Additional Party with Respect to Claims for Discrimination and Retaliation

The Fifth Circuit has held that "relief under Title VII is available only against an employer, not an individual supervisor or fellow employee." *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 340 n.8 (5th Cir. 2003). "Title VII does not permit the imposition of liability upon individuals unless they meet title VII's definition of "employer." *Grant v. Lone Star Co.*, 21 F.3d 649, 651 (5th Cir. 1994). "The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks, and any agent of such a person . . ." 42 U.S.C. § 2000e (2005). The Fifth Circuit has given a liberal interpretation to the term "any agent," and has held that the phrase encompasses immediate supervisors when those individuals are endowed with the traditional rights of the employer, such as the right to hire and fire the employee. *Harvey v. Blake*, 913 F.2d 226, 227 (5th Cir. 1990). "Congress's purpose in extending the definition of an employer to encompass an agent . . . was simply to incorporate *respondeat superior* liability into

Title VII." *Indest v. Freeman Decoratiing*, 164 F.3d 258 , 262 (5th Cir. 1999).  Hence, "[l]iability under Title VII does not automatically follow" to every employee; "it is *only employees* who are subject to statutory liability."[5] *Hamilton v. Rodgers,* 791 F.2d 439, 442 (5th Cir. 1986) (emphasis added); *see also Indest,* 164 F.3d at 262 ("While Title VII defines the term employer to include 'any agent' of an employer, . . . this circuit does not interpret the statute as imposing individual liability for such a claim.") (internal citations omitted).  Put another way "a party may not maintain a suit against both an employer and its agent under Title VII" because "the corporation could be held liable twice for the same act." *Id.*  Therefore, the Court finds that it would be inappropriate as a matter of law to allow Langston, an agent of Defendant, to be held individually liable for the discrimination and retaliation claims under Title VII or the Texas Labor Code.  Thus, the Court DENIES Plaintiff's Motion to Join Additional Party with respect to her Title VII and Texas Labor Code claims as a matter of law.

Unlike Title VII, relief under 42 U.S.C. § 1981 is not only available against an employer, it is available against private individuals. *Foley* at 340 n.8.  Therefore, the Court GRANTS Plaintiff's Motion to Join Additional Party with respect to her discrimination and retaliation claims under 42 U.S.C. § 1981.

---

[5] Defendant contends erroneously that because Langston is an agent of Children's Medical Center, she can therefore be held liable under the reasoning of *Harvey v. Blake*. (Resp. at 6.) *Harvey* does not equate to such reasoning. Rather, *Harvey* stands for the proposition that when a government employee is sued in her official capacity under Title VII, qualified immunity is inapplicable because it protects a person in her individual capacity only. *Harvey,* 913 F.2d at 227-228.

### 2) Plaintiff's Motion to Join Additional Party with Respect to Claims for Intentional Infliction of Emotional Distress, Negligence, and Slander

The Fifth Circuit in *Grant v. Lone Star Co.* held that "private employees still could be liable for violations of state tort and contract law, such as intentional infliction of emotional distress." *Grant*, 21 F.3d n.3 at 651. Therefore, the Court GRANTS Plaintiff's Motion to Join Additional Party with respect to Plaintiff's intentional infliction of emotional distress, negligence, and slander claims. Since there are multiple defendants, Plaintiff is required to resubmit an amended complaint with specific factual allegations pertaining to each defendant sufficient to place each party on notice.

## VII. Conclusion

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motions. Specifically:

1) First, the Court does not find any unexplained delay or prejudice and thus, the Court GRANTS Plaintiff leave to file an amended complaint.

2) Next, the Court finds that the national origin discrimination is not allowed as a matter of law under either Title VII, the Texas Labor Code, or 42 U.S.C. § 1981. Therefore, the Court DENIES Plaintiff leave to file an amended complaint with respect to her claim for national origin discrimination claim. The Court GRANTS Plaintiff leave to file an amended complaint with respect to all other claims made by Plaintiff in her amended complaint.

3) Finally, under Title VII and the Texas Labor Code, private individuals cannot be held liable for discrimination or retaliation. Thus, the Court DENIES Plaintiff's Motion to Join Additional party with respect to her discrimination and retaliation claims under Title VII and the Texas Labor Code. The Court Grants Plaintiff's Motion to Join Additional Party with respect to all other claims made by Plaintiff in her amended complaint.

The Court hereby ORDERS Plaintiff to resubmit one (1) Amended Complaint pursuant to the requirements set forth in this opinion. The Amended Complaint must be filed no later than twenty (20) days from the date of this opinion.

**It is so ordered.**

Signed this 5th day of July 2005.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE